UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | Civil Action No.: 4:07-3831-RBH-TER |
| Plaintiff, | ) ) | |
| -vs- | ) ) | **REPORT AND RECOMMENDATION** |
| ERIC GRANTHAM and CONNIE GRANTHAM, | ) ) ) ) | |
| Defendants. | ) ) | |

**I.   INTRODUCTION**

This is a declaratory judgment action in which Plaintiff seeks a determination of whether liability coverage exists under its policy for injuries sustained by Defendant Eric Grantham. Presently before the court is Defendant Eric Grantham's Motion to Dismiss or Stay (Document # 12). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.[1]  Because the pending motion is dispositive, this Report and Recommendation is entered for review by the district judge.

**II.   DISCUSSION**

On October 18, 2007, Eric Grantham brought a state action against his wife, Connie Grantham, and his brother and sister-in-law, Kaye and Samuel Locklair, alleging their negligence caused injuries to him (underlying state action). Specifically, Eric Grantham alleges that all three family members were negligent by allowing a pan to catch fire on the stove, which caused his injuries.

---

[1]Defendant Connie Grantham is proceeding pro se.

Plaintiff Nationwide Mutual Fire Insurance Company (Nationwide) brings this separate action to determine whether Eric Grantham and Connie Grantham should be considered "insureds" under the terms of the Nationwide policy. Nationwide contends that a policy provision excludes liability coverage for Eric Grantham because he was a resident insured of the home at the time of the accident. In the alternative, Nationwide contends that, if Eric Grantham is not a resident insured, then neither is his wife, Connie, and, thus, Nationwide would have no duty to defend or indemnify her in the underlying state action.

Eric Grantham argues that this action should be dismissed or, in the alternative, stayed pending the outcome of the underlying state action pursuant to the abstention doctrine enunciated in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942). "Brillhart makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Id. at 282. Brillhart stands for the proposition that "at least where another suit involving the same parties and presenting opportunities for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference,' if it permitted the federal declaratory action to proceed." Wilton v. Seven Falls Co., 515 U.S. 277, 283 (1995). Nationwide is not a party to the underlying state action, and the issues presented in that action and the present action are not the same. The only issue in the underlying state action is whether the named Defendants negligently caused Eric Grantham's injuries. The issue in the present action is whether Eric Grantham and his wife Connie are "insureds" under the Nationwide policy. Thus, this court would not be engaging in "gratuitous interference" if it allowed this action to proceed.

The factors to consider in determining whether this court should abstain from exercising jurisdiction over this action was set forth in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir.1994): (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in state

court; (2) whether the issues raised in the federal action can be more efficiently resolved in the pending state court action; (3) where the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or of law; and (4) whether the federal action is being used merely as a device for procedural fencing i.e. to provide another forum in a race for res judicata.

First, the state does not have a strong interest in having the issues raised in the present case decided in state court. A state has a significant interest in deciding a state law issue only when the issue is a novel, close or difficult issue of state law. See United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 494 (4th Cir. 1998). The issue in the present case is a standard issue of contract interpretation that is unlikely to "break new ground." Id. Second, the issues involved in the present action could not be more efficiently resolved in the underlying state action because Nationwide is not a party to the underlying action and the issues to be determined in each case are separate and distinct. Likewise, because the issues are separate and distinct, the present action would not result in "unnecessary entanglement" between the federal and state systems. None of the factual determinations to be made in the present case are likely even relevant to those to be made in the underlying state action and vice versa. Finally, there is no evidence of "procedural fencing" on the part of Nationwide. Nationwide filed the present action to resolve a question that is traditionally resolved in declaratory judgment actions, and it did so under standard diversity jurisdiction. See id.; see also Penn-America Ins. Co. v. Coffey, 368 F.3d 409, 414 (4th Cir. 2004) (finding no forum shopping by insurance company seeking to clarify and settle a coverage issue relating to the underlying state action).

In sum, an application of the Nautilus factors to the present case reveals that it is properly within this court's discretion to exercise jurisdiction over the issues raised in this action. The present action is consistent with "considerations of federalism, efficiency, and comity." Nautilus, 15 F.3d at 376. Accordingly, Defendant Eric Grantham's Motion to Dismiss or, in the Alternative, to Stay should be denied.

**III.    CONCLUSION**

For the reasons stated above, it is recommended that Defendant Eric Grantham's Motion to Dismiss or, in the Alternative, to Stay (Document # 12) should be denied.

                                                      s/Thomas E. Rogers, III
                                                      Thomas E. Rogers, III
                                                      United States Magistrate Judge

August 7, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**