UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | Civil Action No.: 4:07-3831-RBH-TER |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| ERIC GRANTHAM and CONNIE GRANTHAM, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff brings this declaratory judgment action to determine whether Defendant Connie Grantham is an "insured" under the liability coverage provisions of a Nationwide policy issued to Samuel and Kaye Locklair. Presently before the Court is Plaintiff's Motion for Summary Judgment (Document # 30). Because Defendant Connie Grantham is proceeding pro se, all pretrial proceedings were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e). This Report and Recommendation is entered for review by the district judge.

## II. FACTUAL AND PROCEDURAL HISTORY

On January 29, 2006, Defendant Eric Grantham was burned during a stove fire at the insured premises, a mobile home located at 4211 Oak Grove Road, Effingham, South Carolina. See Complaint in Underlying Case, Florence County Court of Common Pleas, Civil Action No. 2007-CP-21-1830-TLW-TER (State Court Complaint) at ¶ 8. Eric Grantham sued Connie Grantham, his

wife, and brother-in-law and sister-in-law, Samuel and Kaye Locklair, alleging that they were liable for his injuries, specifically that they were negligent for allowing a pan of grease to catch fire on the stove. Id.

The insured mobile home at 4211 Oak Grove Road, Effingham and the parcel of land it was on were owned by the Locklairs. See Plat (attached as Ex. 3 to E. Grantham's response), Deed (attached as Ex. 4 to E. Grantham's response) and E. Grantham Aff. at ¶ 1. Samuel and Kaye Locklair are the named insureds on the policy. See Policy (Ex. 5 to Plaintiff's Motion). At one time the mobile home at 4211 Oak Grove Road was occupied by the Locklairs along with Kaye Locklair's mother, Gail Hewitt. E. Grantham Aff. at ¶ 2. At the time of the incident, however, the mobile home was owned by the Locklairs and occupied by Gail Hewitt, Eric and Connie Grantham and the Granthams' son. E. Grantham Dep. at pp. 4, 10-11, 14-17; C. Grantham Dep. at pp. 4, 5-7, 9-10. The Locklairs lived in a separate building on the same parcel of land with the address 4209 Oak Grove Road. See C. Grantham Dep. at p. 14, Plat, Deed, E. Grantham Aff. at ¶ 3. The two mobile homes were within 100 yards of each other. E. Grantham Aff. at ¶ 4. The Granthams did not pay rent to the Locklairs. C. Grantham Dep. at p. 11.

Connie Grantham had a key to the mobile home, both Eric and Connie Grantham changed their addresses with the Department of Motor Vehicles to the insured premises at 4211 Oak Grove Road, and Connie Grantham changed the address on her and her son's prescriptions to the same address. E. Grantham Dep. at p. 12; C. Grantham Dep. at pp. 7, 9, 13-14. The Granthams took their meals in the mobile home with Ms. Hewitt, they slept and bathed there, they kept their belongings there or in storage, got their mail there, and generally conducted their daily lives their while they waited to move into another mobile home which they planned to purchase and put nearby. E.

Grantham Dep. at pp. 10-11, 14-17; C. Grantham Dep. at pp. 5-7, 9-10. Ms. Hewitt provided the groceries and covered the household expenses. The arrangement was to last only while the Granthams, who had left a fishing job, got on their feet financially and found new work. E. Grantham Dep. at p. 9; C. Grantham Dep. at p. 11.

### III.   RELEVANT POLICY LANGUAGE

The Nationwide policy on the Locklairs' mobile home, Policy No. 61 39 MT 062 409, provided in relevant part:

On page 9:

**SECTION II - Liability Coverages**

Coverage E- Personal Liability

We will pay damages the **insured** is legally obligated to pay due to **bodily injury** or **property damage**. We will provide a defense at our expense by counsel of our choice. …

On page 10:

**COVERAGE F- Medical Payments to Others**

We will pay the necessary medical and funeral expenses incurred within one year after an accident causing **bodily injury**. This coverage does not apply to you. It does not apply to regular residents of your household. It does apply to **residence employees**. This coverage applies to others as follows.

a.   to a person on the **insured location** with the consent of an **insured**.
…

**SECTION III – Additional Coverages**

We cover the following in addition to the limits of liability:
…

2.   **First Aid Expenses**. We will pay expense for first aid to others incurred by an **insured** for **bodily injury** covered under this policy. We will not pay for

first aid to you or any other **insured**.

The seven-page **"Amendatory Endorsement"** provides in relevant part as follows.

It is agreed that the policy is amended as follows:
…

Continuing on pages 5-6 of the endorsement:

**SECTION II- EXCLUSIONS**
…

In the Mobile Homeowner policy, the following exclusion is added to **Section II – Exclusions, Coverage E- Personal Liability**:

2.  **Coverage E- Personal Liability** does not apply to:

    f.  **bodily injury** to an **insured** as defined in Definitions 3a. and 3b.
…

On page 2 of the main text of the policy:

**DEFINITIONS**

**"You"** and **"your"** refer to the named insured shown in this policy, and the spouse who lives in the same household. "We", "us", and "our" refer to the company. Certain words and phrases are defined as follows:

1.  **"Bodily injury"** means bodily harm, sickness, or disease required care, loss of services, and death.
…

3.  **"Insured"** means you and the following who live in your household:

    a.  your relatives

    b.  any other person under age 21 and in the care of you or your relatives.
…

4.  **"Insured location"** means:

    a.  the **residence premises**.

…

9. **"Residence premises"** means the **mobile home**, other structures and grounds listed in this policy.

## IV.   STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the

adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## V.     DISCUSSION

Plaintiff argues that it has no duty to defend or indemnify Connie Grantham in the underlying action because she is not an insured under the policy. Defendant argues that the Nationwide policy is ambiguous because the term "household" is not defined. He argues that the policy should thus be construed against Nationwide and Connie Grantham should be considered a member of Kaye Locklair's household and an insured under the policy.

The duty to defend is determined by the facts averred in the complaint. Isle of Palms Pest Control Co. v. Monticello Ins. Co., 319 S.C. 12, 459 S.E.2d 318 (S.C. Ct. App. 1994). If the facts aver suggest the possibility of a covered loss, the insurer must defend. Id. at 319. The fact that excluded losses might also be alleged does not affect the insurer's duty to defend the remaining counts if they are otherwise sufficient to support a covered liability claim. S. C. Med. Malpractice Liab. Ins. Jt. Underwriting Ass'n v. Ferry, 291 S.C. 460, 354 S.E.2d 378, 380-81 (S.C. 1987). But if the facts alleged point only to a specifically excluded loss, there is no duty to defend. Piedmont

Petrol., 444 S.E.2d at 533.

Under South Carolina law, "insurance policies are subject to general rules of contract construction." Sloan Construction Company, Inc. v. Central National Insurance Co. Of Omaha, 269 S.C. 183, 185, 236 S.E.2d 818, 819 (1977). The unambiguous terms of an insurance policy are interpreted by their plain, ordinary and popular meaning. MGC Mgt. of Charleston, Inc. v. Kinghorn Ins. Agency, 336 S.C. 542, 520 S.E.2d 820, 823 (S.C. Ct. App. 1999). Ambiguous or conflicting terms are construed against the insurer, but if the parties' intentions are clear, the court has no authority to torture the meaning of the policy language in order to extend or defeat coverage. Id. at 823.

As set forth above, the policy at issue defines an insured to be a relative who lives in the household of a named insured. Kaye Locklair is a named insured on the policy. Nationwide agrees that Connie Grantham is Kaye Locklair's relative and that Connie Grantham lived in the insured premises, the trailer. However, the Locklairs did not live in the insured premises. They lived in a separate dwelling.

The phrase "resident of the same household" "has no absolute or precise meaning, and, if doubt exists as to the extent or fact of coverage, the language used in most policies will be understood in its most inclusive sense." Buddin v. Nationwide Mutual Ins. Co., 250 S.C. 332, 338, 157 S.E.2d 633, 635 (1967). The South Carolina Supreme Court has adopted the test set forth in A.G. by Waite v. Travelers Ins. Co., 112 Uws.2d 18, 331 N.W.2d 643 (App. 1983), for determining whether a person is a resident member of a named insured's household. See State Farm Fire & Cas. Ins. Co. v. Breazell, 324 S.C. 228, 231, 478 S.E.2d 831, 832 (S.C. 1996). Under the Waite test, a person is a resident of a named insured's household if

> 1) [they live] under the same roof; 2) in a close, intimate and informal relationship, and 3) where the intended duration of the relationship is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship in contracting about such matters as insurance or in their conduct in reliance thereon.

Breazell, 324 S.C. at 231, 478 S.E.2d at 832 (citing Waite, 112 Wis.2d at 21, 331 N.W.2d at 645). See also Smith v. Auto-Owners Ins. Co., 660 S.E.2d 271, 273, 377 S.C. 512, 517 (S.C. Ct. App. 2008) (applying the Waite test).

It is undisputed in the present case that Connie Grantham did not live under the same roof as the Locklairs. Defendant argues only that Connie Grantham became a resident of Kay Locklair's household when she was invited by Kaye to move into the mobile home in which she once lived and in which their mother still lived. The only other evidence in the record is that the two dwellings were located on the same parcel of land approximately 100 yards apart and they shared a common water source. However, Connie Grantham and Kaye Locklair did not live under the same roof. Kaye Locklair lived in a separate building with a separate street address. Besides the fact that they are sisters, there is no evidence that Kaye Locklair and Connie Grantham lived in a close, intimate and informal relationship. There is no evidence that they take their meals together or share household expenses or responsibilities. Finally, there is no evidence that the duration of the living arrangement was meant to be substantial. In fact, the evidence shows that the Granthams were living with Connie's mother in the trailer owned by the Locklairs only until they could regain their financial footing and purchase a home of their own. The fact that the Locklairs owned the mobile home in which Connie Grantham lived at the time of the incident is inapposite. The coverage analysis turns not on whether Connie Grantham lives in Kaye Locklair's house, but whether she was a member of Kaye Locklair's household. See Smith, 377 S.C. at 514-516, 600 S.E.2d at 272-74 (finding adult

child who lived in house owned by named insured and his wife was not a member of the named insured's household where the named insured and his wife lived alone in another home they owned).

Thus, applying the facts of this case to the <u>Waite</u> test adopted by the South Carolina Supreme Court, Connie Grantham is not a relative living in the same household as Kaye Locklair and, accordingly, is not an insured under the liability coverage provisions of the Nationwide policy at issue in this case. To find otherwise based on the evidence presented in this case would require the court to torture the meaning of the policy language.

## VI.   CONCLUSION

For the reasons set forth above, it is recommended that Plaintiff's Motion for Summary Judgment (Document # 30) be granted.

       s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 26, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**